JUDGE ROBERTSON
delivered tub opinion oe the court.
As a forcible entry on occupied' -land is an intrusion on the occupant’s possession, the owner, not occupying it, could not, according to the common law, maintain an action of trespass vi et amis, but might sue in case for consequential damage to the freehold.
In 1854 the legislature enacted that “the owner of any land in this state may maintain the appropriate action to recover damages for any trespass or injury committed thereon, notwithstanding such owner may not have the. actual possession of the land at the time of the commission of the trespass.” (2 Stanton’s Revised Statutes, 50.)
The word “appropriate” was apparently intended to mean, as it literally imports, trespass when there was no actual seizin, which at common law, as adjudged by this court, was necessary to support that form of action or case when some other person than the owner held the possessio pedis. The object of the enactment seems to have been to dispense with the technical seizin as required by the common law for the maintenance of the action of trespass for a mere wrongful entry, and also with that qualification only as to seizin; to recognize and certify the common law as to the form of action in all cases: that is, trespass for a mere tortious entry on land, or for that and other damage *46 done, or an action on tbe case for consequential damage when trespass would not lie. But the Civil Code dispenses with the technical forms of action, and requires only a simple and intelligible statement of facts showing an actionable wrong.
In this case the petition charges a forcible entry on the appellant’s land while occupied by his tenant, and a wrongfully carrying away of his timber and fences. Whatever may be the constructive object and effect of the statute of 1854, the Code makes the petition good and sufficient, whether the actual possession be deemed to have been in the appellant or in his tenant.
Wherefore the circuit court erroneously instructed the jury, in effect, that the action is not maintainable in the appellant’s name, and which produced a verdict against him.
Judgment therefore reversed, and cause remanded for a new trial.